**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Kathleen P. Flatt**, | Bankruptcy No. 15-11318 |
| Debtor. | Honorable Pamela S. Hollis |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION**
**OF FACTORLAW FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Joji Takada, Chapter 7 Trustee for the estate of Kathleen P. Flatt |
| Period for Which Compensation is Sought: | July 31, 2015, through November 29, 2015. |
| Amount of Fees Sought: | $2,116.00 |
| Amount of Expense Reimbursement Sought: | na |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $   0.00   .

{00088838}

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Kathleen P. Flatt**, | Bankruptcy No. 15-11318 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday May 12, 2017, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **First and Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: November 11, 2016          **FactorLaw**

                                     By: */s/ Ariane Holtschlag*
                                     One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00088838}

## CERTIFICATE OF SERVICE

  I, Ariane Holtschlag, an attorney, hereby certify that on November 11, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First and Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified as Non-Registrants on the below service list.

                    /s/ Ariane Holtschlag

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| David P Lloyd | courtdocs@davidlloydlaw.com |
| George M Stuhr | stuhr_drell2@earthlink.net |
| Joji Takada | trustee@takadallc.com, jtakada@ecf.epiqsystems.com |
| Zane L Zielinski | trustee@zanezielinski.com, fax@zanezielinski.com |

**Registrants**
(Service via First Class Mail)

| | |
|---|---|
| American InfoSource LP agent for Presence Health<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 | Portfolio Recovery Assc, LLC<br>POB 41067<br>Norfolk, VA 23541 |
| Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 |

{00088838}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Kathleen P. Flatt**, | Bankruptcy No. 15-11318 |
| Debtor. | Honorable Pamela S. Hollis |

**FACTORLAW'S FIRST AND FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

William J. Factor and The Law Office of William J. Factor, Ltd. (collectively, "***FactorLaw***"), counsel for Joji Takada, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Kathleen P. Flatt (the "***Debtor***"), hereby submits its first and final fee application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$2,116.00** for legal services performed by FactorLaw during the period of July 31, 2015 through and including November 29, 2016 (the "***Application Period***"). In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

### I. The Bankruptcy Case.

4. On March 30, 2015, (the **"Petition Date"**), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code 11 U.S.C. §§ 101 *ff*. (the "**Bankruptcy Code**").

5. On April 1, 2013, the Debtor transferred (the "**Transfer**") her one-half interest in real estate commonly known as 631 Belmont Avenue, Romeoville, Illinois (the "**Real Estate**") to Toniann Crow.

6. The Trustee asserted that the Transfer was an avoidable transfer pursuant to section 548 of Title 11 of the United States Code (the "**Potential Avoidance Action**").

7. Considering the costs associated with litigating the Potential Avoidance Action, the Trustee sought approval of a settlement of the Potential Avoidance Action which would provide to Ms. Crow 60% of the net proceeds of the sale of the Real Estate while the Estate retained 40%.

8. On October 23, 2015 (Docket #35), this Court approved the Trustee's proposed settlement with Ms. Crow.

9. As of November 29, 2016, Zane L. Zielinski and the Law Offices of Zane L. Zielinski were substituted as counsel for the Estate.

## FEE APPLICATION

10. To aid the Court in its review of this Application, FactorLaw has divided this Application into two parts: Part I describes the services (the "**Services**") provided by FactorLaw to the Trustee by category; and Part II describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

### I. Services performed.

11. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

{00088838}

12. Such records for the Case, copies of which are attached hereto as **Exhibit 1**, set forth in detail: (a) the Services rendered by FactorLaw, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

A. *Summary of Services by professional.*

13. The fees for Services provided by FactorLaw during the Application Period are itemized by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Zane L. Zielinski | Partner | $350 | 5.6 | $1,960.00 |
| Chris Williams | Law Clerk | $120 | 1.3 | $156.00 |
| | | **Totals:** | **6.9** | **$2,116.00** |

B. *Itemization of fees by category of Services rendered.*

14. **Asset Investigation and Recovery**. FactorLaw spent 6.9 hours at a cost of $2,116.00 pursuing the Potential Avoidance Action as well as negotiating the settlement and obtaining court approval of the same.

15. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Zane L. Zielinski | Partner | $350 | 5.6 | $1,960.00 |
| Chris Williams | Law Clerk | $120 | 1.3 | $156.00 |
| | | **Totals:** | **6.9** | **$2,116.00** |

{00088838}

## II.   Calculation of time and fees.

16.   This is FactorLaw's first and final application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

17.   FactorLaw's professionals spent a total of 6.9 hours providing necessary legal services for the Trustee at a cost of $2,116.00 and FactorLaw requests compensation in that amount.

18.   FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses.

19.   FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement, or the time of one of the attorneys was voluntarily written off.

## III.   FactorLaw's retention was appropriate through the Application Period

20.   During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

21.   No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

22.   Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

{00088838}

## BASIS FOR THE REQUESTED RELIEF

23. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

24. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

25. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

26. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

27. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $306.67. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE

28. Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors that have timely filed claims, the U.S. Trustee, the Debtor's attorney.

## CONCLUSION

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$2,116.00** for legal services performed by FactorLaw;

B. Authorizing the Trustee to pay FactorLaw the allowed compensation in the total amount of **$2,116.00**; and

{00088838}

    C.  Granting such other relief as the Court deems just and equitable.

Dated: April 14, 2017                                   **FactorLaw**

                                                                          By: */s/ Ariane Holtschlag*
                                                                          One of its attorneys

Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00088838}